# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY KENJI WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS DILLARD, et al.,<br><br>Defendants. | Case No. 1:23-cv-00431-SAB<br><br>ORDER SCREENING COMPLAINT<br><br>(ECF No. 1)<br><br>**DEADLINE: THIRTY DAYS** |

Plaintiff Perry Kenji Washington ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2023, against Curtis Dillard and "Ebony" (collectively, "Defendants"). (ECF No. 1.) The complaint is now before this Court for screening.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). Nonetheless, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible[,]" the complaint is properly dismissed. Iqbal, 556 U.S. at 680 (internal quotations omitted).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this civil action against Curtis Dillard (Sr.), Curtis Dillard Jr., the mother of Curtis Dillard, and "Ebony" based on purported federal question claims of identity theft, cyber terrorism, and "terrorism/criminal threats." (ECF No. 1 at 2–4.)  Plaintiff claims Dillard Sr. is a gangster, pimp, drug dealer, and extortionist.  (Id. at 2.)  He similarly claims Dillard Jr. is a gangster, extortionist, and drug dealer.  (Id.)  Plaintiff claims Ebony is a street enforcer that threatens people.  (Id. at 3.)  Dillard Sr., Dillard Sr.'s mother, Dillard Jr., and Ebony are allegedly part of the notorious "Top Hat Mob."  (Id. at 8.)

Plaintiff alleges the Top Hat Mob, based in San Francisco, hires gang members and bribes Fresno County Police officers to complete various objectives.  (Id.)  Plaintiff claims he was assaulted in San Francisco by members of the Top Hat Mob.  (Id.)  He alleges he was forced to be a drug mule; drink and drive; and sell use methamphetamine, heroin, and Fentanyl, and cigarettes. (Id.)  Plaintiff further alleges the Mob threatened him to do these things and not tell anyone about it, or they would cut off Plaintiff's head and the heads of Plaintiff's mother, sister, and "Malayna."  (Id.)  Plaintiff alleges that, at one point, he "came forward with the truth" and afterwards, his mother's car was stolen and she was "held hostage" in Vallejo, California, and currently remains there.  (Id.)  Plaintiff tried to file a police report in Vallejo, but they would not accept it.  (Id.)  Plaintiff also alleges he was "forced to say [he] was crazy and go to [the] hospital on several occasions."  (Id.)

Plaintiff claims the Top Hat Mob stole his tax information, stimulus checks and tax money.  (Id. at 6.)  More specifically, Plaintiff alleges Dillard Sr. and Dillard Jr., on orders of their own mother, forced Plaintiff's mother, at gunpoint, to give them Plaintiff's social security card, identification card, medical information, birth certificate, and email address.  (Id.)  Dillard

Sr. and Jr. then created new bank accounts, email addresses and credit accounts under Plaintiff's name and stole money, property, and mail valuing over $150,000. (Id.)

Plaintiff seeks to sue Defendants for identify theft and attacking his mother. (Id.) He seeks monetary damages and an order from the Court to reinstate Plaintiff's driver's license, issue a handgun license, provide counseling for Plaintiff's family, and place Plaintiff and his family in witness protection. (Id. at 7, 9.)

## III.

## DISCUSSION

### A.  Jurisdiction – Federal Question

A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 386 (1987).

For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [his] own cause of action" must "show[] that it is based upon [federal law]." See Vaden v. Discover Bank, 556 U.S. 49, 60–62 (2009). Here, however, it is unclear what federal question claim/s Plaintiff is asserting.[1] None of Defendants are "state actors" for purposes of triggering liability under 42 U.S.C. § 1983, Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006), and Plaintiff's other potential claims appear to arise in state law, not federal law. The complaint, therefore, does not establish federal question jurisdiction.

Nonetheless, because the Court is permitted Plaintiff leave to file an amended complaint, it will address Plaintiff's other potential claims to the extent Plaintiff can cure the jurisdictional defect by providing the relevant legal standards.

### B.  Criminal Actions Not Cognizable

The Court notes a number of Plaintiff's allegations suggest Plaintiff seeks to hold

---

[1] Plaintiff has only indicated this action is brought pursuant to federal question jurisdiction. (See ECF No. 1 at 3.) However, the Court notes diversity jurisdiction would not be possible at this time, because both Plaintiff and all of the named Defendants are alleged to be citizens of California. (See id. at 3–4.)

4

1 Defendants liable for various alleged criminal acts (such as racketeering, bribery, and identity 2 theft). However, Plaintiff provides no authority for the proposition that he has a private right of 3 action to assert a violation of criminal statutes, and no such right generally exists. See Aldabe v. 4 Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United 5 States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 6 (9th Cir. 1999) ("sections of the California Penal Code ... do not create enforceable individual 7 rights"). Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot 8 recover civil damages for an alleged violation of a criminal statute. Federal Sav. & Loan Ins. 9 Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that 10 Congress intended to furnish a civil remedy, no civil cause of action exists).

11     **C.     Standing**

12 If a plaintiff lacks standing under Article III of the United States Constitution, then the 13 Court lacks subject matter jurisdiction and the case must be dismissed. See Steel Co. v. Citizens 14 for a Better Env't, 523 U.S. 83, 102–04 (1998). To satisfy Article III standing, a plaintiff must 15 allege he has personally suffered: (1) an injury-in-fact that is concrete and particularized, as well 16 as actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the challenged 17 action of the defendant; and (3) that is redressable by a favorable judicial decision. Spokeo, Inc. 18 v. Robins, 136 S. Ct. 1540, 1547–48 (2016) as revised (May 24, 2016); Monsanto Co. v. Geertson 19 Seed Farms, 561 U.S. 139, 149 (2010). Plaintiff bears the burden of proof and must "clearly … 20 allege facts demonstrating each element." Spokeo, Inc., 136 S. Ct. at 1547 (internal quotations 21 omitted) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).

22 Here, Plaintiff seeks to assert assault and other claims against Defendants for actions and 23 threats taken against Plaintiff's mother and other family members. However, these are not 24 injuries that Plaintiff personally sustained and neither Plaintiff's mother, nor other allegedly 25 harmed individuals are parties in this lawsuit. Plaintiff therefore lacks standing to bring such 26 claims in his action.

27     **D.     Defendant Ebony**

28 Plaintiff does not allege any facts relating to Defendant Ebony, other than to claim Ebony

5

is an "enforcer" for the Top Hat Mob.  Plaintiff does not allege that Ebony took any again against him.  Therefore, Plaintiff fails to state any claim against Ebony.

### E. Civil Conspiracy

To state a claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must plead specific facts showing an agreement or meeting of minds between the defendants to violate his constitutional rights.  Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).  The plaintiff must also show how an actual deprivation of his constitutional rights resulted from the alleged conspiracy.  Id.  " 'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.' "  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)).

The federal system is one of notice pleading, however, and the court may not apply a heightened pleading standard to a plaintiff's allegations of conspiracy.  Empress LLC v. City and Cnty. of S.F., 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1126 (2002).  Nevertheless, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level...."  Twombly, 550 U.S. at 555.  Thus, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...."  Id.  "A mere allegation of conspiracy without factual specificity is insufficient."  Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

### F. RICO Claims

The Court notes Plaintiff checks the box for Racketeer Influenced and Corrupt Organizations ("RICO") claims on his civil cover sheet.  This is insufficient, however, to state a claim for RICO violations.  Furthermore, the complaint does not allege any facts to support such a claim.

In any event, "[t]o prevail under RICO, a plaintiff must establish a 'pattern of criminal activity.' ... At a minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.' "  Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995) (citing H.J. Inc. v.

Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989)). RICO violations are either a pattern of racketeering activity or the collection of an unlawful debt, or a conspiracy to commit either. See 18 U.S.C. § 1962; H.J. Inc., 492 U.S. at 232. A pattern of racketeering activity requires at least two acts committed within 10 years of each other that are related, along with a threat of continuing activity. See 18 U.S.C. § 1961(5).

### G. Conclusory Allegations

None of Plaintiff's remaining allegations potentially state a claim at this time. For example, Plaintiff alleges that he was forced to be a drug mule and use various drugs, but he does not allege any facts showing who forced him to do so. Similarly, Plaintiff alleges he was assaulted at one point, but he does not identify the attacker or provide any other details of the incident for the Court to ascertain whether a claim is stated. Plaintiff allege he was required to (falsely) claim he was crazy to be hospitalized a number of times; again, however, he does not allege any facts to identify any defendant caused this harm to him. In another example, Plaintiff claims several Fresno Police officers were bribed by the Top Hat Mob. However, he does not allege facts identifying which officers were bribed, or what actions they took against Plaintiff, if any. Finally, the Court notes Plaintiff checked the box on his civil cover sheet to indicate violations under the Racketeer Influenced and Corrupt Organizations (RICO) statutes. (See ECF No. 1-1 at 1.) However, the complaint does not contain any factual allegations to describe or support such violations. Accordingly, the Court finds Plaintiff's allegations are conclusory, and are insufficient to state any claim at this time.

### H. State Law Claims

Plaintiff appears to seek to assert state law claims for identity theft, assault, and potentially other claims. However, the court expresses no opinion regarding the merits of Plaintiff's state law claims at this time, as Plaintiff has not alleged sufficient facts to state any federal cause of action. As such, it is premature for this Court to determine whether to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates,

Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims' ").

### I. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

As noted, the complaint fails to allege sufficient facts to state a federal question claim. However, to the extent it is possible to cure the identified pleading defects, the Court will permit Plaintiff to file an amended complaint. Plaintiff is reminded that, although the Federal Rules adopt a flexible pleading policy, a complaint must nonetheless give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Thus, Plaintiff must allege with at least some degree of particularity overt acts in which Defendants engaged that support Plaintiff's claim. Id.

If Plaintiff chooses to amend the complaint to include a claim under 42 U.S.C. § 1983, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the amended complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v.

Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent Plaintiff must submit a handwritten complaint, he is directed to write as legibly as possible.

In addition, Plaintiff is informed that the court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. This is because an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' " (internal citation omitted)). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, if Plaintiff chooses to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of all defendants without further assistance from the Court. This is because unknown persons cannot be served with process until they are identified by their real names, and the Court will not investigate the names and identities of unnamed defendants.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, the complaint fails to state any cognizable claim for violations of Plaintiff's federal rights but shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;
2. Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order **within thirty (30) days of the filing of this order**;
3. The first amended complaint, including attachments, shall not exceed twenty-five

1. (25) pages in length; and
2. 4. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: __**June 30, 2023**__

UNITED STATES MAGISTRATE JUDGE