# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY KENJI WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CURTIS DILLARD, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00431-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 5, 6)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Perry Washington ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Curtis Dillard and Ebony. (ECF No. 1.) On June 30, 2023, the Court screened Plaintiff's complaint, determined Plaintiff failed to allege facts sufficient to state any claim, and directed Plaintiff to file an amended complaint. (ECF No. 4.) The deadline to file an amended complaint is July 31, 2023. (See id. at 9.)

Currently before the Court are Plaintiff's motions to appoint counsel (ECF No. 5) and for a temporary restraining order (ECF No. 6), both filed on July 14, 2023. For the following

reasons, Plaintiff's motion to appoint counsel shall be denied at this time, and the Court shall recommend the motion for a temporary restraining order be denied.

### I.

### MOTION TO APPOINT COUNSEL

Plaintiff appears to seek appointment of counsel on the basis that he has allegedly suffered mental injury resulting from a physical attack by gang members during an armed robbery. (ECF No. 5.) Plaintiff alleges the police will not investigate the incident and he currently is seeking refuge on the streets, which the Court construes as an argument that Plaintiff is unable to afford counsel.[1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court is not unsympathetic to Plaintiff's circumstances; however, in the present case, the Court does not find the required exceptional circumstances. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and lack of legal sophistication, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the

---

[1] Plaintiff also alludes to a motion for witness protection (see id. at 1); however, no such motion is pending before this Court.

facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.  Furthermore, the Court cannot at this juncture find Plaintiff has a likelihood of success on the merits, as the Court recently screened Plaintiff's original complaint and determined it did not state a cognizable claim (ECF No. 4), and Plaintiff has not yet filed any amended complaint.  Finally, the record demonstrates that Plaintiff is able to adequately litigate this action, and circumstances common to most pro se plaintiffs, such as lack of legal education and indigency, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

## II.

## MOTION FOR TEMPORARY RESTRAINING ORDER

### A.   Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

Further, the pendency of this action does not give the Court jurisdiction over unserved defendants or unnamed parties in general.  See Summers v. Earth Island Inst., 555 U.S. 488, 491– 93 (2009); Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010).  Rather, the Court's jurisdiction is

limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

**B.     Analysis**

Plaintiff seeks a restraining order against named Defendant Curtis Dillard, as well as several nonparties ("all family members, gang affiliates and 'friends' " of Mr. Dillard). (ECF No. 6 at 1.) The request is premised on allegations that the "caretaker" of Mr. Dillard's mother's, "Charles," assaulted Plaintiff, tried to kill him in Vallejo, and stole his money. (See id. at 1, 2.) Plaintiff alleges when he was attacked by Charles, there were other people with Charles who claimed to be retaliating "for [the] Dillard Family." (Id. at 1.) Plaintiff alleges that he almost died: as a result of the attack, he has a brain injury, heart failure, and is handicapped for life. (Id.) Plaintiff's motion, therefore, appears to seek an order restraining Charles and other unidentified individuals from inflicting further harm. (Id.) In addition, Plaintiff appears to seek an order placing him in witness protection. (Id.)

The Court concludes Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. As an initial matter, the Court notes it is required to screen complaints brought by litigants proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). Here, the Court has screened Plaintiff's complaint and determined it fails to state any cognizable claim. (ECF No. 4.) Plaintiff was granted leave to file an amended complaint; however, no amended complaint has yet been filed. The Court therefore cannot conclude at this time that Plaintiff has shown a likelihood of success on the merits.

In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Moreover, Plaintiff appears to seek injunctive relief against individuals (both identified and not) who have not been named defendants in this action. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other nonparty individual.

Furthermore, the Court concludes Plaintiff has not provided sufficient information to

4

show he is likely to suffer irreparable harm in the absence of a temporary restraining order and/or preliminary injunction. While the Court is not unsympathetic to Plaintiff's allegations of being physically attacked, it cannot conclude the risk of further attacks or harm is imminent. That is, Plaintiff states he was attacked by unidentified individuals and a nonparty to this action on behalf of Defendant Dillard's family, in retaliation for some unknown action. It is not clear why Plaintiff was attacked or whether he is in danger of being attacked again. Indeed, the Court notes Plaintiff appears to refer to this same attack in his motion to appoint counsel as an armed robbery incident. As such, Plaintiff fails to show that irreparable harm is likely to occur in the absence of preliminary injunctive relief.

Finally, Plaintiff has not presented any evidence that the balance of equities is in his favor or that preliminary injunctive relief would be in the public's interest. Accordingly, it is recommended that Plaintiff's motion for a temporary restraining order be denied.

### III.

### ORDER AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 5) is DENIED; and
2. The Clerk of the Court shall randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a temporary restraining order (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 18, 2023**

UNITED STATES MAGISTRATE JUDGE