1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY KENJI WASHINGTON, | Case No.  1:23-cv-00431-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM AND FAILURE TO PROSECUTE/OBEY A COURT ORDER |
| v. | |
| CURTIS DILLARD, et al., | |
| Defendants. | (ECF Nos. 1, 4) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Plaintiff Perry Kenji Washington ("Plaintiff"), proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 22, 2023, against Curtis Dillard and "Ebony" (collectively, "Defendants").  (ECF No. 1.)  An order issued on June 30, 2023, providing Plaintiff with thirty days in which to file an amended complaint.  (ECF No. 4.)  In the June 30, 2023 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order.  (Id. at 10.)  More than thirty days have passed, and Plaintiff has not filed an amended complaint or otherwise responded to the June

1

30, 2023 order.[1]  For the following reasons, the Court shall recommend the action be dismissed for failure to state a claim and failure to prosecute/obey a Court order.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure ("Rule") 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief …."  Fed. R. Civ. P. 8(a)(2).  If the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Thus, to comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  Id.  Such notice pleading is required in federal court in order to "give the defendant fair notice of what the claim … is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 555 (2007)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs proceeding *pro se* in civil rights actions are entitled to have their pleadings

---

[1] Although it appears from the file that Plaintiff's copy of the screening order was returned, Plaintiff was properly served.  It is the Plaintiff's responsibility to keep the Court apprised of his current address at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

2

liberally construed and to have any doubt resolved in their favor.  See Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  Nonetheless, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  Thus, where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible[,]" the complaint is properly dismissed.  Iqbal, 556 U.S. at 680 (internal quotations omitted).

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.

### COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this civil action against Curtis Dillard (Sr.), Curtis Dillard Jr., the mother of Curtis Dillard, and "Ebony" based on purported federal question claims of identity theft, cyber terrorism, and "terrorism/criminal threats."  (ECF No. 1 at 2–4.)  Plaintiff claims Dillard Sr. is a gangster, pimp, drug dealer, and extortionist.  (Id. at 2.)  He similarly claims Dillard Jr. is a gangster, extortionist, and drug dealer.  (Id.)  Plaintiff claims Ebony is a street enforcer that threatens people.  (Id. at 3.)  Dillard Sr., Dillard Sr.'s mother, Dillard Jr., and Ebony are allegedly part of the notorious "Top Hat Mob."  (Id. at 8.)

Plaintiff alleges the Top Hat Mob, based in San Francisco, hires gang members and bribes Fresno County Police officers to complete various objectives.  (Id.)  Plaintiff claims he was assaulted in San Francisco by members of the Top Hat Mob.  (Id.)  He alleges he was forced to be a drug mule; drink and drive; and sell use methamphetamine, heroin, and Fentanyl, and cigarettes. (Id.)  Plaintiff further alleges the Mob threatened him to do these things and not tell anyone about

it, or they would cut off Plaintiff's head and the heads of Plaintiff's mother, sister, and "Malayna." (Id.)  Plaintiff alleges that, at one point, he "came forward with the truth" and afterwards, his mother's car was stolen and she was "held hostage" in Vallejo, California, and currently remains there. (Id.)  Plaintiff tried to file a police report in Vallejo, but they would not accept it. (Id.)  Plaintiff also alleges he was "forced to say [he] was crazy and go to [the] hospital on several occasions." (Id.)

Plaintiff claims the Top Hat Mob stole his tax information, stimulus checks and tax money. (Id. at 6.)  More specifically, Plaintiff alleges Dillard Sr. and Dillard Jr., on orders of their own mother, forced Plaintiff's mother, at gunpoint, to give them Plaintiff's social security card, identification card, medical information, birth certificate, and email address. (Id.)  Dillard Sr. and Jr. then created new bank accounts, email addresses and credit accounts under Plaintiff's name and stole money, property, and mail valuing over $150,000. (Id.)

Plaintiff seeks to sue Defendants for identify theft and attacking his mother. (Id.)  He seeks monetary damages and an order from the Court to reinstate Plaintiff's driver's license, issue a handgun license, provide counseling for Plaintiff's family, and place Plaintiff and his family in witness protection. (Id. at 7, 9.)

## IV.

## DISCUSSION

### A.   Failure to State a Claim

1.   Jurisdiction – Federal Question

A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 386 (1987).

For Plaintiff's suit to "arise under" federal law, Plaintiff's "statement of [his] own cause of action" must "show[] that it is based upon [federal law]." See Vaden v. Discover Bank, 556 U.S. 49, 60–62 (2009).  Here, however, it is unclear what federal question claim/s Plaintiff is

asserting.[2]  None of Defendants are "state actors" for purposes of triggering liability under 42 U.S.C. § 1983, Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006), and Plaintiff's other potential claims appear to arise in state law, not federal law.  The complaint, therefore, does not establish federal question jurisdiction and dismissal is appropriate.

### 2.    Criminal Actions Not Cognizable

The Court notes a number of Plaintiff's allegations suggest Plaintiff seeks to hold Defendants liable for various alleged criminal acts (such as racketeering, bribery, and identity theft).  However, Plaintiff provides no authority for the proposition that he has a private right of action to assert a violation of criminal statutes, and no such right generally exists.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding specific criminal provisions in the United States Code "provide no basis for civil liability"); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code ... do not create enforceable individual rights").  Unless there is a clear congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.  Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987) (where there is no affirmative indication that Congress intended to furnish a civil remedy, no civil cause of action exists).  Accordingly, any claims based on criminal actions fail to state a cognizable claim.

### 3.    Standing

If a plaintiff lacks standing under Article III of the United States Constitution, then the Court lacks subject matter jurisdiction and the case must be dismissed.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102–04 (1998).  To satisfy Article III standing, a plaintiff must allege he has personally suffered: (1) an injury-in-fact that is concrete and particularized, as well as actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the challenged action of the defendant; and (3) that is redressable by a favorable judicial decision.  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547–48 (2016) as revised (May 24, 2016); Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010).  Plaintiff bears the burden of proof and must "clearly …

---

[2] Plaintiff has only indicated this action is brought pursuant to federal question jurisdiction.  (See ECF No. 1 at 3.) However, the Court notes diversity jurisdiction would not be possible at this time, because both Plaintiff and all of the named Defendants are alleged to be citizens of California.  (See id. at 3–4.)

1   allege facts demonstrating each element."  Spokeo, Inc., 136 S. Ct. at 1547 (internal quotations

2   omitted) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)).

3        Here, Plaintiff seeks to assert assault and other claims against Defendants for actions and

4   threats taken against Plaintiff's mother and other family members.  However, these are not

5   injuries that Plaintiff personally sustained and neither Plaintiff's mother, nor other allegedly

6   harmed individuals are parties in this lawsuit.  Plaintiff therefore lacks standing to bring such

7   claims in his action.  Accordingly, Plaintiff fails to state any cognizable claim with respect to

8   actions and threats taken against Plaintiff's mother and other family members.

9        4.     Defendant Ebony

10       Plaintiff does not allege any facts relating to Defendant Ebony, other than to claim Ebony

11  is an "enforcer" for the Top Hat Mob.  Plaintiff does not allege that Ebony took any again against

12  him.  Therefore, Plaintiff fails to state any claim against Ebony.

13       5.     Failure to State a Claim for RICO Violations

14       "To prevail under RICO, a plaintiff must establish a 'pattern of criminal activity.' ...  At a

15  minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.'

16  "  Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995) (citing H.J. Inc. v. Northwestern

17  Bell Telephone Co., 492 U.S. 229, 239 (1989)).  RICO violations are either a pattern of

18  racketeering activity or the collection of an unlawful debt, or a conspiracy to commit

19  either.  See 18 U.S.C. § 1962; H.J. Inc., 492 U.S. at 232.  A pattern of racketeering activity

20  requires at least two acts committed within 10 years of each other that are related, along with a

21  threat of continuing activity.  See 18 U.S.C. § 1961(5).

22       The Court notes Plaintiff checks the box for Racketeer Influenced and Corrupt

23  Organizations ("RICO") claims on his civil cover sheet.  This is insufficient, however, to state a

24  claim for RICO violations.  Furthermore, the complaint does not allege any facts to support such

25  a claim.  Accordingly, Plaintiff fails to state a claim under RICO statutes.

26       6.     Failure to State a Claim, Generally

27       Furthermore, none of Plaintiff's remaining allegations potentially state a claim at this

28  time.  For example, Plaintiff alleges that he was forced to be a drug mule and use various drugs,

6

but he does not allege any facts showing who forced him to do so.  Similarly, Plaintiff alleges he was assaulted at one point, but he does not identify the attacker or provide any other details of the incident for the Court to ascertain whether a claim is stated.  Plaintiff alleges he was required to (falsely) claim he was crazy to be hospitalized a number of times; again, however, he does not allege any facts to identify any defendant caused this harm to him.  In another example, Plaintiff claims several Fresno Police officers were bribed by the Top Hat Mob.  However, he does not allege facts identifying which officers were bribed, or what actions they took against Plaintiff to cause Plaintiff harm, if any.  Accordingly, the Court finds Plaintiff's allegations are conclusory, and are insufficient to state any claim at this time.

7.    State Law Claims

Plaintiff  appears  to  seek  to  assert  state  law claims for identity theft,  assault,  and potentially other claims.  However, having concluded Plaintiff has not alleged sufficient facts to state any federal cause of action, it is premature for this Court to determine whether to exercise supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction"); see also Acri v. Varian Associates, Inc., 114 F.3d 999, 1000–01 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims' ").

8.    Recommendation

For the foregoing reasons, the Court finds Plaintiff fails to allege facts sufficient to state any cause of action.  In its June 30, 2023 screening order, the Court provided Plaintiff the applicable legal standards and gave Plaintiff an opportunity to amend his complaint to cure the identified pleading deficiencies.  (See ECF No. 4 at 4–9.)  Plaintiff's failure to file an amended complaint, despite being given the opportunity to do so, demonstrates an inability or unwillingness to cure the identified pleading defects.  Accordingly, the Court recommends that the complaint be dismissed, without prejudice.

**B.        Failure to Prosecute/Obey a Court Order**

Additionally, the Court should dismiss the action due to Plaintiff's failure to comply with a Court order and failure to prosecute.  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  E.D. Cal. L.R. 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).  Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action.  Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors guide a court in deciding what to do; they are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine, 460 F.3d at 1226.

8

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of June 30, 2023.  Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint.  Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's June 30, 2023 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to a District Judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 4 at 9–10.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.  His noncompliance warrants dismissal.

///

///

///

**V.**

**CONCLUSION AND RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to state a claim and failure to prosecute/comply with a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 10, 2023**

_____

UNITED STATES MAGISTRATE JUDGE