**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERRY KENJI WASHINGTON,<br><br>              Plaintiff,<br><br>       v.<br><br>CURTIS DILLARD,<br><br>              Defendant. | Case No. 1:23-cv-0431 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 10) |

Perry Kenji Washington proceeding *pro se* and *in forma pauperis*, initiated this civil rights action against Defendants Curtis Dillard and Ebony. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302.

The magistrate judge screened the complaint and found Plaintiff failed to state a cognizable claim. (Doc. 4.) The Court granted leave to file an amended complaint within 30 days. (*Id.* at 9.) The Court served Plaintiff by mail, but the order was returned as undeliverable. After Plaintiff filed a notice of change of address, the Court again served the screening order on July 14, 2023. It was returned as undeliverable on July 28, 2023.

On August 10, 2023, the magistrate judge found Plaintiff failed to state a cognizable claim and recommended the action be dismissed for his failure to state a claim. (Doc. 10 at 2, 4-7.) In addition, the magistrate judge found Plaintiff failed to comply with the Court's Screening Order

1

1    and failed to prosecute this action.  (*Id.* at 8-9.)  The magistrate judge observed:

> Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of June 30, 2023. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

(Doc. 10 at 9.)  The magistrate judge recommended the action also be dismissed for Plaintiff's failure to prosecute and failure to obey the order.  (*Id.* at 9-10.)  The Court served the Findings and Recommendations on Plaintiff by mail on August 15, 2023, and notified him that any objections were due within 14 days.  (*Id.* at 10.)  He did not file objections, and the deadline to do so has expired.

According to 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case.  The Court finds the analysis concerning Plaintiff's failure to state a claim is supported by the record and proper analysis.  The Court declines to adopt the recommendation to the extent it recommends dismissal for Plaintiff's failure to comply with the Court's order, as it appears Plaintiff never received the document.

Nevertheless, the Court agrees Plaintiff failed to prosecute this action, particularly due to his failure to file a notice of change of address as required by Local Rules after the screening order was again returned as undeliverable.  Specifically, the Rules state: "If  mail directed to a plaintiff *in propria persona*  by the Clerk is returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Local Rule 183(b).  Because the screening order was returned to the Court on July 28, 2023, any notice of change of address was due no later than September 29, 2023.  Thus, Plaintiff has also failed to comply with the Court's Local Rules, and dismissal is also appropriate on these grounds.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

prosecute and failure to comply with local rules). Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations dated August 10, 2023 (Doc. 10), are adopted in part.
2. The Complaint is dismissed without prejudice for failure to state a claim and failure to prosecute.
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **October 3, 2023**

UNITED STATES DISTRICT JUDGE